20-3560-pr
Richardson v. City of N.Y.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand twenty-one.

PRESENT:
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> *Circuit Judges.\**

---

Dewayne Joaquin Richardson,

> *Plaintiff-Appellant*,

v.                                                                                  20-3560

City of New York,

> *Defendant-Appellee*,

New York City Police Department, 30th Precinct, Police Officer John Doe, 1, Police Officer John Doe, 2, Police Officer John Doe, 3, Police Detective Ericks Rodriguez, Shield #4675, Police Detective Carlos Pagan, Sergeant Wilson Quiles, Shield # 4067,

---

\* Judge Richard J. Sullivan has recused himself from consideration of this matter. Pursuant to Second Circuit Internal Operating Procedure E(b), the matter is being decided by the two remaining members of the panel.

***Defendants.*†**

---

**FOR PLAINTIFF-APPELLANT:**   Dewayne Joaquin Richardson, pro se, Bronx, NY.

**FOR DEFENDANTS-APPELLEES:**   Jeremy W. Shweder, Susan Paulson, of counsel, *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*; Lehrburger, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 29, 2020 judgment of the district court is **AFFIRMED**.

Dewayne Richardson, pro se, brings this suit under 42 U.S.C. § 1983, alleging that he was unlawfully arrested and maliciously prosecuted in New York state court for robbery charges that were later dismissed. The district court construed the complaint as asserting claims against three New York City (the "City") Police Department officers and the City itself. Although the City was served with process, the individual officers were not and never appeared in this action. Following discovery, the City moved for summary judgment. Over Richardson's objections, the district court adopted the magistrate judge's recommendation to grant summary judgment. Richardson now appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to

---

† The Clerk of Court is directed to amend the caption as set forth above.

explain our decision to affirm.

We review a decision granting summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam).

As an initial matter, we do not consider Richardson's new arguments on appeal as to why he did not serve the individual officers because he did not make these arguments in the district court. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks and brackets omitted)). In the City's answer to the second amended complaint, it notified Richardson that, because he had not served the individual officers, the City was the only defendant in the case. The record also suggests that the district court informed Richardson of the service issue at an initial conference. Richardson, however, did not address the service issue in his opposition to the City's motion for summary judgment, his objections to the magistrate judge's report and recommendation, or at any other point in the district court proceedings. Accordingly, Richardson has waived his challenge to the dismissal of these claims against the individual officers for failure to serve. We affirm this dismissal. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

We also affirm the district court's grant of summary judgment to the City. "It is well established that under § 1983, local governments are responsible only for their *own* illegal acts. They are not vicariously liable under § 1983 for their employees' actions." *Outlaw v. City of*

*Hartford*, 884 F.3d 351, 372 (2d Cir. 2018) (internal quotation marks and ellipsis omitted). A local government is liable under § 1983 only if a plaintiff can show that "he suffered the denial of a constitutional right that was caused by an official municipal policy or custom." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 257 (2d Cir. 2020) (internal quotation marks omitted) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)); *see also Lucente v. County of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020).

At summary judgment, the City argued that there is an absence of evidence that any unlawful municipal policy or custom led to Richardson's arrest and prosecution. Indeed, Richardson did not allege such a policy or custom existed, and failed to counter the City's assertion with evidence in the record. Richardson's arguments instead pertained to the individual officers' conduct and the circumstances of his arrest. In his brief to this Court, Richardson also does not argue that the City had an unlawful policy or custom. Because the City cannot be vicariously liable for the individual officers' actions, but only for its own unlawful policy or custom, we affirm the grant of summary judgment to the City.

We have considered Richardson's remaining arguments on appeal and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
